UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAMES DUMAY,                               CASE NO.: _____

    Plaintiff,

vs.

AKAL SECURITY, INC,
A Foreign For Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, The Plaintiff, JAMES DUMAY, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Civil Action against Defendant, AKAL SECURITY, INC, (hereinafter "Defendant"). Plaintiff states the following in support:

1. This is an action for declaratory and injunctive relief, and damages pursuant to 42 U.S.C. § 1981 A, 42 U.S.C. § 1981, prohibiting discrimination, to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of and retaliation against Plaintiff, and to remedy Defendant's failure to hire Plaintiff.

2. At all times material hereto, Plaintiff was, and still is, a resident of Miami-Dade County, Florida.

3. Defendant is a foreign for profit corporation with its principal address in Santa Cruz, New Mexico.

4. Defendant has substantial connections in Florida because it provides security services for Krome Detention Center in Miami-Dade County.

5. The controversy occurred in substantial part within Miami-Dade County, Florida.

6. This Court has jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

7. Venue is proper under this tribunal.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff is a Black individual and within a class of individuals protected by 42 U.S.C. § 1981.

9. Plaintiff worked as a security officer for Akima Global Services, LLC, ("Akima") which is in joint venture with Defendant.

10. Throughout Plaintiff's employment with Akima, Akima engaged in intentional discriminatory conduct, after which Plaintiff filed a charge of discrimination against Akima, on or about January 2017.

11. Plaintiff applied to work for Defendant on or about September 2018.

12. Plaintiff received a message stating that he was not considered for the employment opportunity.

13. Plaintiff was denied employment by Defendant based on his race, and in retaliation of his previous charge of discrimination against Akima.

14. Any reason proffered by Defendant for the conduct described above is mere pretext for unlawful discrimination and retaliation. Plaintiff demonstrated that he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times past did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
*Discrimination/Failure to Hire based on Race in Violation of 42 U.S.C. § 1981*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

16. The applicable statute, 42 U.S.C. § 1981, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment contracting and the formation thereof, based upon racial classifications, considerations, or race-based reasons.

17. The Plaintiff possessed the requisite qualifications and skills to perform the position for the Defendant employer.

18. The Plaintiff was subjected to disparate treatment during the Defendant's hiring process, in that similarly situated non-black, applicants were allowed hiring opportunities not given to Plaintiff due to Plaintiff's race.

19. Plaintiff's race was a motivating factor in Defendant's decisions not to hire Plaintiff as a security officer, claims processor and/or for any other position.

20. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

21. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated 42 U.S.C. § 1981, and in addition, order the following additional relief:

    A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    B. Award Plaintiff as to this count prejudgment interest; and

    C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

E. Plaintiff demands a trial by jury.

## COUNT II
*Retaliation In Violation Of 42 U.S.C. § 1981*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

23. The applicable statutes, 42 U.S.C. § 1981, contain an anti-retaliation provision, forbidding employees from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Federal Constitution and Federal Law.

24. The Plaintiff had complained of Defendant's unfair, unequal and discriminatory treatment of the Plaintiff.

25. By the complaints and the subsequent filing of the charge of discrimination, Plaintiff has a reasonable belief that the Defendant had engaged in unlawful conduct, in violation of 42 U.S.C. § 1981, when Plaintiff alleged that the employer had for the unsubstantiated and pre-textual reasons failed to hire the Plaintiff.

26. Defendant's failure to hire the Plaintiff constituted discriminatory and retaliatory conduct, and such conduct, knowingly and intentionally perpetrated by the Defendant employer, violated the anti-retaliation provision of the applicable statutes

27. As a result of the Defendant's retaliatory conduct, the Plaintiff has been compelled to file this action and he has incurred costs.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant, find that the Defendant indeed violated Federal Law, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Law.

## JURY DEMAND

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: August 30, 2021

Respectfully submitted,

/s/: Anthony M. Georges-Pierre
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005